MALCOLM A. HEINICKE (SBN 194174)
REBECCA GOSE LYNCH (SBN 230078)
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, CA 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077
*Malcolm.Heinicke@mto.com*
*Rebecca.Lynch@mto.com*

Attorneys for Defendant
World Savings, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN SIU, on behalf of himself and all others similarly situated, , <br><br> Plaintiff, <br><br> vs. <br><br> GOLDEN WEST FINANCIAL CORPORATION; WORLD SAVINGS BANK, FSB; and DOES 1 through 60, inclusive,, <br><br> Defendants. | CASE NO. C 06-07643 JSW <br><br> **STIPULATION AND [PROPOSED] ORDER RE: STAY OF CASE** |

2739643.1

STIPULATION AND ~~PROP.~~ ORDER RE: STAY (CASE NOs. C 06-07643 JSW)

1  WHEREAS, on September 15, 2006, Plaintiff Ryan Siu filed this putative class
2 and collective action in the Southern District of California, captioned *Siu v. Golden West*
3 *Financial Corp, et al.*, Case No. 06-CV-1902 JAH (JMA), claiming that Defendants misclassified
4 Loan Officers who work or worked at World Savings Bank, N.A. and/or Golden West
5 Corporation as "exempt" employees under California and federal law and seeking, *inter alia*,
6 unpaid overtime wages, associated statutory penalties, and meal and rest period penalties;

7  WHEREAS, Defendants contend that Plaintiff Siu executed an arbitration
8 agreement that governs all employment-related claims he may have and that waives his right to
9 pursue such claims on a class action or collective action basis;

10  WHEREAS, the California Supreme Court has granted review in a case that may
11 resolve the issue of whether an arbitration agreement containing a class action waiver is
12 permissible under California law, *Gentry v. Superior Court*, 135 Cal. App. 4th 944 (2006), *review*
13 *granted*, and thereby will likely have an impact on this litigation;

14  WHEREAS, *Vinole v. World Savings, Inc.*, NO. C 06-05296 JSW, is related to this
15 action, and in that case, Defendants raised the same argument with respect to the form arbitration
16 agreement executed by the Plaintiff in that case, and in response to a motion to compel arbitration
17 and enforce the class and collective action waiver, this Court ordered the case stayed pending a
18 ruling in *Gentry*;

19  WHEREAS, due in part to the uncertainty of the outcome of *Gentry* and its impact
20 on this case and the *Vinole* action, the parties have agreed to and scheduled a mediation with a
21 professional mediator;

22  WHEREAS, in light of the forthcoming mediation and the California Supreme
23 Court's forthcoming decision in *Gentry*, the parties have agreed to a stay of the litigation in this
24 matter;

25  WHEREAS, the parties agree that the imposition of this stay will not by itself
26 preclude a potential Plaintiff in the collective action from conditionally opting into the suit, even
27 during the pendency of the stay, for purposes of attempting to toll his or her statute of limitations;
28

1  WHEREAS, the parties agree that the imposition of this stay will not by itself in
2  any way affect Plaintiff's ability to seek preliminary certification of a collective action and
3  associated authority to provide a notice to the proposed collective action class, and that he may do
4  so without leave of Court if he so chooses;

5  WHEREAS, the parties agree that the imposition of this stay will not by itself in
6  any way affect Defendants' ability to oppose preliminary certification of a collective action and
7  associated authority to provide a notice on any grounds;

8  NOW, THEREFORE, through their counsel, the parties stipulate to the entry of the
9  following order:

10  The above-captioned item is hereby stayed, and the parties shall not litigate this
11  matter before this Court or engage in formal discovery without prior leave of the Court.
12  Notwithstanding the foregoing (a) potential plaintiffs to the collective action may file conditional
13  opt ins to toll their limitations period in the event a collective action is ever permitted and
14  certified; and (b) without leave of Court, Plaintiff may (but is not required to) seek preliminary
15  certification of a collective action and associated authority to provide a notice to the proposed
16  collective action class, but Defendants retain the ability to oppose preliminary certification of a
17  collective action and associated authority to provide a notice on any grounds. No more than thirty
18  (30) days following a ruling in *Gentry v. Superior Court*, 135 Cal. App. 4th 944 (2006), *review
19  granted*, the parties shall file a joint report on the effect of the ruling on this case and advising the
20  Court on further scheduling.
21  ///
22  ///
23  ///

1250902.1
2739643.1

- 2 -

STIPULATION AND ~~PROP.~~ ORDER RE: STAY (CASE NO C 06-05296 JSW)

The Case Management Conference scheduled for May 4, 2007, and all associated dates, are hereby vacated.

DATED: 4-13-, 2007    SCHIFFRIN, BARROWAY, TOPAZ & KESSLER, LLP

By: _____
    GERALD D. WELLS, III

Attorneys for Plaintiff
RYAN SIU

DATED: 4-13-, 2007    MUNGER, TOLLES & OLSON LLP

By: _____
    MALCOLM A. HEINICKE

Attorneys for Defendants

*******

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: April 16, 2007    _____
                         United States District Judge

1250902.1
2739643.1                - 3 -

STIPULATION AND PROP. ORDER RE: STAY (CASE NO C 06-05296 JSW)